## STATE v. JAMES HUMPHREY.

(Filed 25 March 1964.)

**1. Criminal Law § 65—**

The courts will not hold as a matter of law that a witness could not identify defendant by the lights of an automobile and street lights when the defendant was some 20 feet away.

**2. Criminal Law § 108—**

Where defendant testifies that he was with a person who was not his "girl friend" but "just a friend, girl" the remark of the court drawing the jury's attention to the fact that defendant seemed to make a distinction will not be held for prejudicial error.

APPEAL by defendant from *Cowper, J.,* August 19, 1963 Regular Session of LENOIR.

Defendant was charged in a warrant issuing from the Municipal County Court of Lenoir with the possession of alcoholic beverages on which the taxes imposed by the laws of the United States had not been paid, a misdemeanor, G.S. 18-48. He was found guilty, a prison sentence of 18 months was imposed. He appealed to the Superior Court. There, the jury returned a verdict of guilty. A prison sentence of 18 months was imposed. He appealed.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

STATE *v.* HUMPHREY.

*Fred W. Harrison for defendant.*

PER CURIAM. Defendant's assignments of error present two questions: (1) Should his motion for nonsuit have been allowed? (2) Did the court prejudice defendant by an expression of opinion respecting the facts?

Defendant contends his motion to nonsuit should have been allowed because the evidence identifying him as one of two men carrying packages of non-tax paid whiskey was not credible. The State's witness, an ABC officer, testified he had known defendant for more than 16 years. He, the officer, was in an automobile with its lights turned off. About 5 a.m. on March 19, two men came from the direction of a warehouse and headed toward a street light. They came within 50 feet of him. They were talking. He recognized them but could not understand what they said. He started his automobile and turned on his lights when 20 feet from them; they dropped their packages and ran.

We are not impressed with the argument that we should hold, as a matter of law, that the lights on the street and automobile were not bright enough to enable the witness to recognize the defendant. The court properly left that question to the jury.

The officer gave chase. One of the men escaped, the other was caught. The officer then went to the home of defendant. He was not there but drove up some 30-45 minutes later. When the officer inquired where defendant had been, he first stated he had been to a fertilizer plant where he was employed to turn on a light. When the officer offered to go to the plant, defendant said, "There is no need of going there because I want to tell you the truth about it. I spent the night with a friend of mine."

Defendant, when on the stand, was asked about the friend with whom he claimed he spent the night. He said, "The girl friend I was talking about is not my girl friend, but she is just a friend, girl."

The court, in stating defendant's contentions, repeated his testimony with respect to his visit to his friend. The court then said, "I don't know what the difference is between girl friend and friend, girl, but there apparently is some." Defendant excepted to the quoted portion of the charge. The exception is without merit. The court was merely directing the jury's attention to the fact that the defendant himself made a distinction.

No error.